UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA D. BLAND,<br><br>   Plaintiff,<br><br>  v.<br><br>RALPH DIAZ, et al.,<br><br>   Defendants. | Case No. 1:20-cv-00895-NONE-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>14-DAY DEADLINE |

  Plaintiff Joshua D. Bland, a state prisoner proceeding *pro se*, initiated this civil rights action on June 29, 2020. (Doc. 1.) Plaintiff alleges that a correctional officer threatened his health and safety by yelling in his face, subjecting him to a risk of contracting COVID-19. (*See id.* at 3.) In his complaint, Plaintiff acknowledges that he failed to pursue an administrative grievance to the highest level of review. (*Id.*) Furthermore, the incident underlying this action occurred in June of 2020, the same month in which Plaintiff filed his complaint. Thus, given this timeframe, it is clear that Plaintiff failed to exhaust his administrative remedies prior to filing suit.

  Therefore, on October 28, 2020, the Court issued an order to show cause why this action should not be dismissed for failure to exhaust. (Doc. 15.) Plaintiff filed a response to the order to show cause on November 5, 2020. (Doc. 16.) According to the documents attached to his response, Plaintiff received a first-level decision from the California Department of Corrections and Rehabilitation (CDCR) on his administrative grievance concerning the subject incident on

July 17, 2020. (*See id.* at 4-5.) Plaintiff received a second-level response to his appeal of the first-level decision on October 3, 2020. (*Id.* at 3.) Plaintiff thus received both responses *after* he filed the complaint in this action on June 29, 2020.

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under … any … Federal law … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Generally, failure to exhaust is an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

It is clear on the face of his complaint that Plaintiff failed to exhaust administrative remedies prior to filing suit. Although Plaintiff raises serious claims, "exhaustion is mandatory under the PLRA." *Jones*, 549 U.S. at 211. Exhaustion must also be completed before the filing of a complaint; it cannot be completed during the pendency of a lawsuit. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *cf. Rhodes v. Robinson*, 621 F.3d 1002, 1005-07 (9th Cir. 2010). Because Plaintiff failed to exhaust his administrative remedies *prior* to initiating this action, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's

Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 10, 2020**          /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE