UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA D. BLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>RALPH DIAZ, et al.,<br><br>    Defendants. | No. 1:20-cv-00895-NONE-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(Doc. No. 17) |

Plaintiff Joshua D. Bland is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 28, 2020, the assigned magistrate judge found that it is clear on the face of his complaint that plaintiff had failed to exhaust his administrative remedies prior to filing this suit as required by the Prison Litigation Reform Act ("PLRA"). (Doc. No. 15.) The magistrate judge noted that plaintiff, in his complaint, acknowledged that he failed to pursue an administrative grievance regarding the incident underlying this lawsuit to the highest level of review. (*Id.* at 1 (citing Doc. No. 1 at 3).) Therefore, plaintiff was ordered to show cause why this action should not be dismissed for failure to exhaust. (*Id.* at 2.)

Plaintiff filed a response to the order to show cause on November 5, 2020. (Doc. No. 16.) According to the exhibits attached to plaintiff's response, plaintiff submitted an inmate grievance

concerning the subject incident on June 2, 2020. (*See id.* at 8.) Plaintiff received a decision in response to that inmate grievance from the highest level of review on October 3, 2020. (*See id.* at 3.) That response was more than three months after plaintiff filed the complaint in this action on June 29, 2020.

Therefore, on November 12, 2020, the assigned magistrate judge filed findings and recommendations, recommending that this action be dismissed due to plaintiff's failure to exhaust his administrative remedies prior to filing suit as is required. (Doc. No. 17.) The magistrate judge provided plaintiff 14 days to file objections to the findings and recommendations. (*Id.* at 2.)

Plaintiff filed timely objections on November 23, 2020. (Doc. No. 18.) Therein, plaintiff does not dispute the magistrate judge's finding that he failed to exhaust his administrative remedies prior to filing suit, though he raises other issues and appears to challenge the constitutionality of the PLRA. (*See id.* at 1-2, 5.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis. As the magistrate judge correctly found, "exhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). Furthermore, exhaustion must be completed "before the filing of a complaint," not "during the course of . . . litigation." *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Lastly, plaintiff's contention that the PLRA is unconstitutional must be rejected. The statute's exhaustion requirement in particular has been upheld on numerous occasions. *See, e.g., Jones,* 549 U.S. at 211; *Panaro v. City of North Las Vegas*, 432 F.3d 949, 954 (9th Cir. 2005) (The PLRA "represents a Congressional judgment that the federal courts may not consider a prisoner's civil rights claim when a remedy was not sought first in an available administrative grievance procedure.").

/////

/////

Accordingly,

1. The findings and recommendations issued on November 12, 2020 (Doc. No. 17) are adopted in full;
2. This action is dismissed due to plaintiff's failure to exhaust his administrative remedies prior to filing suit; and
3. The Clerk of the Court is directed to terminate all pending matters in this action, assign a district judge to this case for purposes of closure, and close this case.

IT IS SO ORDERED.

Dated: **November 30, 2020**　　　　　　　　　/s/ Dale A. Drozd
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE